**John A. LINGUA, Plaintiff**

v.

**SCHERING–PLOUGH CORPORATION and Schering–Plough Animal Health Corporation, Defendants.**

Civil No. 3:08CV00123 (CFD).

United States District Court, D. Connecticut.

Dec. 15, 2008.

Leon M. Rosenblatt, Lynn M. Mahoney, West Hartford, CT, for Plaintiff.

Douglas W. Bartinik, Felix J. Springer, Day Pitney LLP, Hartford, CT, for Defendants.

### RULING ON MOTION TO COMPEL

THOMAS P. SMITH, United States Magistrate Judge.

Plaintiff John A. Lingua brings this action against defendants Schering–Plough Corporation and Schering–Plough Animal Health Corporation alleging age and disability discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.* and the Connecticut Fair Employment Practices Act (CFEPA), C.G.S. § 46a–58 *et seq.*

Defendants move to compel plaintiff to produce notes that he took of statements made by a human resources director at a company training meeting in March, 2007 regarding the consideration of age in hiring decisions. Plaintiff asserts that the notes are protected by the attorney-client privilege. For the reasons set forth below, defendants' motion to compel (dkt.# 26) is **DENIED.**

The attorney-client privilege protects confidential communications between client and counsel made for the purpose of obtaining or providing legal assistance. *In re County of Erie,* 473 F.3d 413, 418 (2d Cir.2007). The party asserting the privilege has the burden of demonstrating that it applies. *See id.*

At his deposition, when questioned as to his purpose in taking the notes, plaintiff testified: "I had an age bias. I have an age bias. I have a discriminatory action pending against [the defendants], and there was the [D]irector of ... HR talking about age consideration before somebody was employed, and to me that was something I wanted to remember." Plaintiff further testified that he gave the notes to his attorney. (Dkt.# 26, Exh. B). Plaintiff's Amended Complaint reveals that the alleged discriminatory conduct began in 2003, well before the March, 2007 meeting, and that he had filed complaints at the Connecticut Commission on Human Rights and Opportunities and the Equal Employment Opportunities Commission in August, 2006. (Dkt.# 11). Based on this review of the record, it appears that plaintiff prepared the notes in connection with his claim and for the purpose of accurately informing his attorney of the statements. In addition, plaintiff asserts in his opposition memorandum that the notes state "For Attorneys." (See dkt. # 31). There is no evidence that the notes were shared with anyone other than plaintiff's attorney and not kept confidential. The court therefore finds that plaintiff's notes are protected by the attorney-client privilege and are not discoverable. Plaintiff does not claim that facts concerning the statements are shielded from discovery. (Dkt. # 31 at 2). Defendants may question and it appears from plaintiff's deposition testimony that defendants have questioned plaintiff concerning the facts surrounding the statements. *See In re Six Grand Jury Witnesses,* 979 F.2d 939, 944 (2d Cir.1992), *cert. denied,* 509 U.S. 905, 113 S.Ct. 2997, 125 L.Ed.2d 691 (1993).

Accordingly, defendants' motion to compel (dkt.# 26) is **DENIED.** This is not a recommended ruling. This is a discovery ruling and order reviewable pursuant to the "clearly erroneous" standard of review. 28 U.S.C. 636(b)(1)(A); Fed.R.Civ.P. 6(a), (e) and 72(a); and Rule 2 of the Local Rules for U.S. Magistrate Judges. As such, it is an order of the court. *See* 28 U.S.C. § 636(b) (written objections to ruling must be filed within ten days after service of same).

**IT IS SO ORDERED.**